**Rustom ALI d/b/a Sonali Diagnostic Laboratory, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 06–71250.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 30, 2007.

Rustom Ali, Phoenix, AZ, pro se.

General Counsel, HHS–Department of Health & Human Services Office of the General Counsel, Washington, DC, Ronald R. Gallegos, USPX–Office of the U.S. Attorney, Phoenix, AZ, Christine McLaughlin, Esq., Department of Health & Human Services–Region IX, San Francisco, CA, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Rustom Ali d/b/a Sonali Diagnostic Laboratory ("SDL") appeals pro se from the final decision of the Departmental Appeals Board ("DAB") of the Department of Health and Human Services ("HHS") upholding the revocation of SDL's certificate of registration issued under the Clinical Laboratory Improvement Amendments ("CLIA") of 1988. We have jurisdiction under 42 U.S.C. § 263a(k)(1). We review for abuse of discretion, *Wash. State Health Facilities, Ass'n v. State of Wash., Dept. of Soc. and Health Servs.*, 879 F.2d 677, 681 (9th Cir.1989), and we deny the petition.

The DAB did not abuse its discretion by concluding that HHS was authorized to stop SDL testing operations prior to a hearing because HHS's constituent enforcement division found immediate jeopardy to the public safety due to condition-level deficiencies. *See* 42 U.S.C. § 263a(i)(2) (conferring authority to suspend or limit the certificate of a lab before holding a hearing when non-compliance poses serious risk to human health); *Wash. State Health Facilities, Ass'n.*, 879 F.2d at 681 ("[A]gency's interpretation of its own regulations is entitled to a high degree of deference and will be upheld as long as it is not plainly erroneous or inconsistent with the regulation.").

The DAB did not abuse its discretion by concluding that SDL received the required five-day notice prior to the effective date

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the sanctions. *See* 42 C.F.R. § 493.1810(c)(2)(i) (requiring notice at least five days before the effective date of sanction for deficiencies that pose immediate jeopardy).

The DAB did not abuse its discretion by concluding that HHS is authorized to simultaneously impose intermediate and principal sanctions for noncompliance. *See* 42 C.F.R. § 493.1806(c) (allowing for intermediate sanctions "in addition to" principal sanctions).

**PETITION DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.